## SECOND DEPARTMENT, JUNE, 1981

### (June 26, 1981)*

■ In the Matter of PAUL A. GRITZ, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner. — After referral of the issues in this disciplinary proceeding to a referee for a hearing, respondent submitted an affidavit dated June 9, 1981, in which he tenders his resignation as an attorney and counselor at law (22 NYCRR 691.9). Respondent was admitted to practice by the Appellate Division of the Supreme Court, First Judicial Department on July 1, 1963 under the name of Paul Allen Gritz. Respondent's previous tender of his resignation was not accepted because of respondent's failure to comply with the rules of this court. By order of this court dated June 2, 1981, respondent was suspended pending the hearing of the charges based upon his conviction of a "serious crime". Respondent now acknowledges that he is presently the subject of a disciplinary proceeding instituted by the Grievance Committee for the Second and Eleventh Judicial Districts. Respondent states that his resignation is submitted freely and voluntarily; that he is not being subjected to coercion or duress and that he is fully aware of the implications of submitting his resignation. Finally, respondent acknowledges that he could not successfully defend himself on the merits against the charges pending against him. Generally stated, respondent is accused of having been convicted of a "serious crime" within the meaning of section 90 (subd 4, par d) of the Judiciary Law and 22 NYCRR 691.7 of the rules of this court in that on June 23, 1980, respondent was convicted of violating section 7201 of title 26 of the United States Code in that he attempted to evade payment of income tax due to the United States and was sentenced to three years' imprisonment and fined $10,000, the execution of the sentence was suspended, including the fine, and respondent was placed on probation for a period of five years and directed to pay the costs of the prosecution; that respondent was guilty, although not convicted, of the conduct specified in the five counts that were included in the indictment which was the subject of the previous charge; that he attempted to influence witnesses to testify falsely before the Grand Jury; that he influenced witnesses to submit false affidavits to the Internal Revenue Service; that he gave unlawful gratuities to public officials; and that he paid approximately $300,000 to persons for the purpose of soliciting legal business. Under the circumstances herein, respondent's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that the respondent's name be stricken from the roll of attorneys and counselors at law, effective forthwith. Mollen, P. J., Hopkins, Damiani, Titone and Cohalan, JJ., concur.

---

* Not published with other decisions of June, 1981, 82 AD2d 794. [Rep.